**Richard A. BYRD, Appellant**

v.

**Merrill LYNCH, a Wholly Owned Subsidiary of Bank of America.**

**No. 11–3130.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 13, 2012.

Opinion Filed: Oct. 2, 2012.

Stephen E. Klausner, Esq., Klausner & Hunter, Somerville, NJ, for Appellant.

Stephanie A. Bruce, Esq., Alice A. Kokodis, Esq., Edwards Wildman Palmer, Boston, MA, David N. Cohen, Esq., Megan L. Morey, Esq., Edwards Wildman Palmer, Madison, NJ, Marcy Gilroy, Harwood Lloyd, Hackensack, NJ, for Merrill Lynch.

Before: SCIRICA, ROTH and BARRY, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Richard A. Byrd, an African–American male, filed a two-count complaint in the United States District Court against his former employer, Merrill Lynch, alleging that he was terminated because of his race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.,* and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.*[1] It is fair to say that from the outset, Byrd has attempted to squeeze everything he can out of every allegation, every remark and every issue that even potentially has anything to do with race or sex. At the end of the day, however, as Merrill Lynch correctly observes, "This is a simple case...." Appellee's Br. at 3.

---

1. NJLAD claims are analyzed under the same framework as claims brought under Title VII. *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1087–88 (3d Cir.1996).

The District Court considered all that was submitted to it and, in a lengthy and extraordinarily thorough opinion, carefully parsed the admissible evidence from the bare assertions and speculation; analyzed the weakness in Byrd's complaint that caused him to submit an affidavit disavowing his deposition testimony and proceed under a new, albeit also unavailing, theory; and concluded that Byrd's "attempts to cast doubt on [Merrill Lynch's] articulated legitimate reasons for terminating him are entirely unpersuasive" (App.19) such that he is unable to carry his burden of proof on the issue of pretext, and that he had not presented even *some* evidence of discrimination sufficient for a reasonable jury to find in his favor under a mixed motive theory. Accordingly, the District Court granted Merrill Lynch's motion for summary judgment, and Byrd appealed.[2]

We, too, have considered all that has been submitted to us, and see neither reason nor need to issue an Opinion of our own which would do no more than track that which the District Court has so carefully crafted. Suffice it to say that, substantially for the reasons set forth in the Opinion of the District Court, we will affirm.

---

**2.** The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91 (3d Cir.2008). Viewing the facts in the light most favorable to Byrd, summary judgment is appropriate only if the record shows "that there is no genuine dispute as to any material fact and [Merrill Lynch] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).